UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, et al., Plaintiffs, | ) ) ) ) ) |
| v. | ) Civil Action No. 1:15cv717 |
| CHANEY INCORPORATED Defendant. | ) ) ) ) |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Motion for Default Judgment (Dkt. 9) by plaintiffs, the Trustees of the Plumbers and Pipefitters National Pension Fund and the Trustees of the International Training Fund (collectively "plaintiffs"), against defendant Chaney Incorporated ("defendant"). When no representative for defendant appeared at the hearing before Judge Davis on this Motion, the undersigned Magistrate Judge took the matter under advisement.[1]

### I. INTRODUCTION

#### A. Background

Plaintiffs are the trustees of multi-employer employee

---

[1] The record before the Court includes the Complaint ("Compl.") (Dkt. 1), plaintiffs' Motion for Default Judgment ("Mot. Default J.") (Dkt. 9), Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Default Judgment and Permanent Injunctive Relief Against the Defendant ("Mem. Supp. Mot. Default J.") (Dkt. 10), the Affidavit of William T. Sweeney, Jr. on Behalf of the Plumbers and Pipefitters National Pension Fund ("Sweeney Nat'l Pension Fund Aff.") (Dkt. 10-1), the Affidavit of William T. Sweeney, Jr. on Behalf of the International Training Fund ("Sweeney Int'l Training Fund Aff.") (Dkt. 10-2), the Declaration of John R. Harney ("Harney Decl.") (Dkt. 10-3), and all attachments and exhibits submitted with those filings.

1

benefit plans as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶¶ 1-2.) Defendant is a Kansas corporation that transacts business as a contractor or subcontractor in the plumbing and pipefitting industry. (Compl. ¶ 3.)

Plaintiffs filed this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), which governs suits among parties to enforce provisions of their collective bargaining agreements. (Compl. ¶ 4; Mem. Supp. Mot. Default J. 1.) Plaintiffs seek contributions, interest, and late fees owed to employee benefit funds pursuant to defendant's collective bargaining agreement with United Association Local Union No. 441 ("Collective Bargaining Agreement") and the Restated Agreement and Declaration of Trust establishing the National Pension Fund and the Restated Trust Agreement establishing the International Training Fund ("the Trust Agreements") to which defendant is accordingly bound, plus costs, attorneys' fees, and an injunction against violation of the terms of the employee benefit plans. (Mot. Default J. ¶¶ 1-2; Mem. Supp. Mot. Default J. 1, 4; Sweeney Nat'l Pension Fund Aff. ¶¶ 2-4; Sweeney Int'l Training Fund Aff. ¶¶ 2-4.)

### B. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon the Court by 29 U.S.C. §§ 1132, 1145, and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found. In this case, jurisdiction and venue are proper because each Fund is administered in this District. (Compl. ¶¶ 1-2.)

### C. Service of Process

On July 2, 2015, plaintiffs' private process server served Roy G. Chaney, registered agent and president of defendant, with a copy of the Complaint and Summons by serving Kyra Flummerfelt, office manager, who was authorized by Mr. Chaney to accept. (Dkt. 5; Dkt. 13.) Therefore, service was proper under 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case. On August 10, 2015, the Clerk of this Court entered default pursuant to plaintiffs' Request for Entry of Default and Federal Rule of Civil Procedure 55(a). (Dkt. 8.) Plaintiffs filed a Motion for Default Judgment on August 28, 2015. (Dkt. 9.)

3

## II. FINDINGS

Based on the Complaint, the Motion for Default Judgment, the Memorandum of Points and Authorities in Support of Motion for Default Judgment and Permanent Injunctive Relief Against the Defendant, the Affidavits of William T. Sweeney, Jr., and the Declaration of John R. Harney, the undersigned Magistrate Judge makes the following findings.

Defendant is a Kansas corporation with an office in Lawrence, Kansas. (Compl. ¶ 3.) Defendant transacts business as a contractor or subcontractor in the plumbing and pipefitting industry and at all times herein was an "employer in an industry affecting commerce" as defined by the LMRA and ERISA. (Id.) Defendant is a signatory to the Collective Bargaining Agreement with United Association Local Union No. 441, which establishes the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant. (Id. at ¶ 5.)

The Collective Bargaining Agreement and the Trust Agreements (collectively "Agreements"), which bound defendant at all times relevant to this case, required defendant to pay plaintiffs' Funds certain sums of money for each hour worked by employees of defendant, as well as liquidated damages, interest, costs, and attorneys' fees. (Id. at ¶¶ 6-8, 12-14, 16, 18-20; Sweeney Nat'l Pension Fund Aff. ¶¶ 2-4, 10-11; Sweeney Int'l

4

Training Fund Aff. ¶¶ 2-4, 10-12.) Pursuant to the Agreements, plaintiffs now seek to collect unpaid contributions, liquidated damages, interest, costs, and attorneys' fees. (Mem. Supp. Mot. Default J. 3.) Plaintiffs also ask this Court for a permanent injunction requiring defendant to submit all contributions and remittance reports from May 2015 to date and to submit timely remittance reports and contributions to plaintiff Funds in the future. (Id. at 4.)

### A. Amounts Due to Plaintiff National Pension Fund

At the time plaintiffs filed the Complaint, defendant had failed to pay its required contributions to plaintiff National Pension Fund for the months of January 2015 through April 2015 on behalf of members in Local 441's jurisdiction. (Compl. ¶ 9.) Pursuant to remittance reports submitted by defendant, the total amount of defendant's contributions owed to the National Pension Fund for the months of January 2015 through April 2015 is in the amount of $6,303.15. (Sweeney Nat'l Pension Fund Aff. ¶¶ 5-6.)

Under the Agreements, defendant must also pay liquidated damages to the National Pension Fund on any unpaid or delinquent contributions.[2] In this case, the amount of liquidated damages is $630.32. (Id. at ¶ 10.)

Additionally, defendant is obligated under the Agreements

---

[2] Pursuant to Article VI, Section 5 of the Trust Agreement and the Delinquency Procedures adopted by the Trustees of the National Pension Fund as revised in May 2009, liquidated damages are assessed at the rate of ten percent (10%) of the total amount owed. (Sweeney Nat'l Pension Fund Aff. ¶ 10.)

5

to pay interest to the National Pension Fund at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment or September 11, 2015 and continuing to accrue at that rate through the date of payment. (Id.) The total amount of this interest, calculated through the date of payment or September 11, 2015, is $326.47. (Id.)

### B. Amounts Due to Plaintiff International Training Fund

At the time plaintiffs filed the Complaint, defendant had failed to pay its required contributions to plaintiff International Training Fund for the months of January 2015 through April 2015 on behalf of members in Local 441's jurisdiction. (Compl. ¶ 16.) Pursuant to remittance reports submitted by defendant, the total amount of defendant's contributions owed to the International Training Fund for the months of January 2015 through April 2015 is in the amount of $152.25. (Sweeney Int'l Training Fund Aff. ¶¶ 5-6.)

Under the Agreements, defendant must also pay liquidated damages to the International Training Fund on any unpaid or delinquent contributions.[3] In this case, the amount of liquidated damages is $30.45. (Id. at ¶ 11.)

Additionally, defendant is obligated under the Agreements

---

[3] Pursuant to Article VI, Section 6 of the Restated Trust Agreement establishing the International Training Fund, liquidated damages are assessed at the rate of twenty percent (20%) of the amount due. (Sweeney Int'l Training Fund Aff. ¶ 10.)

6

to pay interest to the International Training Fund at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment or September 11, 2015 and continuing to accrue at that rate through the date of payment. (Id.) The total amount of this interest, calculated through the date of payment or September 11, 2015, is $7.89. (Id.)

### C. Permanent Injunction

Plaintiffs seek a permanent injunction requiring defendant to submit all contributions and remittance reports from May 2015 to date and to submit timely remittance reports and contributions to plaintiff Funds in the future. (Compl. ¶¶ 22-25; Mem. Supp. Mot. Default J. 4.) Plaintiffs further ask that the injunction require: (1) that defendants post a bond or other security acceptable to plaintiffs equal to the amount of delinquent contributions for the benefit of plaintiffs; and (2) until such an escrow account or security arrangement is made, immediately enjoin defendant from disposing of, transferring, or selling any and all assets, whether held individually or jointly, without the express written permission of plaintiffs and this Court. (Mem. Supp. Mot. Default J. 11-12.)

To obtain a permanent injunction in the Fourth Circuit, a plaintiff must show: "['](1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary

7

damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 543 (4th Cir. 2007) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)).

Here, plaintiffs have failed to satisfy these elements. In this case, monetary damages are the appropriate remedy. Plaintiffs have failed to show that they have suffered an irreparable injury or that monetary damages are inadequate to compensate for the financial injury they have suffered. The remedy at law provides for past contributions to be paid to plaintiffs, as well as interest on those payments and liquidated damages. This sufficiently compensates plaintiffs for their injury.

In the vast majority of the cases filed under Sections 502 and 515 of ERISA and under Section 301 of the LMRA, plaintiffs do not request injunctive relief. The undersigned is reluctant to recommend that this Court put itself in the position of allowing plaintiffs to bring contempt motions in other cases under ERISA and LMRA where monetary damages are adequate. Therefore, a permanent injunction is not recommended.

### D. Attorneys' Fees and Costs

In addition, plaintiffs seek $2,677.50[4] in attorneys' fees and $626.29 in costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 1132(g). (Mem. Supp. Mot. Default J. 2-3; Harney Decl. ¶¶ 4-9.) The undersigned has examined the record and finds that this amount is reasonable compensation for work necessarily performed in this matter.

### III. RECOMMENDATION

The undersigned Magistrate Judge recommends that plaintiff Trustees of the Plumbers and Pipefitters National Pension Fund should recover from defendant a total of $7,259.94.[5] Specifically, the undersigned recommends that plaintiff National Pension Fund should recover from defendant $6,303.15, the sum of unpaid contributions for the months of January 2015 through April 2015, $630.32 in liquidated damages, and $326.47 in interest accrued at a rate of twelve percent (12%) per annum from the date due through September 11, 2015, and continuing to accrue through the date of payment.

The undersigned Magistrate Judge recommends that plaintiff Trustees of the International Training Fund should recover from

---

[4] The Declaration of John R. Harney appears to contain typos in its appendix and thus requests only $2,595.00 in attorneys' fees. The undersigned has calculated that, based on the hours worked and billing rates provided in the declaration, the correct amount of attorneys' fees is $2,677.50.

[5] The Affidavit of William T. Sweeney, Jr. on Behalf of the Plumbers and Pipefitters National Pension Fund appears to contain a typo in its appendix and only requests $7,259.93 in total. The undersigned has calculated that the correct total amount owed to plaintiff National Pension Fund is $7,259.94.

9

defendant a total of $190.59. Specifically, the undersigned recommends that plaintiff International Training Fund should recover from defendant $152.25, the sum of unpaid contributions for the months of January 2015 through April 2015, $30.45 in liquidated damages, and $7.89 in interest accrued at a rate of twelve percent (12%) per annum from the date due through September 11, 2015, and continuing to accrue through the date of payment.

Furthermore, the undersigned does not recommend that any permanent injunction be issued in this case.

Finally, the undersigned recommends that plaintiffs recover $2,677.50 in attorneys' fees and $626.29 in costs.

IV. <u>NOTICE</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following addresses:

> Roy G. Chaney
> Registered Agent & President
> Chaney Incorporated
> 930 E. 27th Street
> Lawrence, KS 66046-4916
>
> Chaney Incorporated
> 930 E. 27th Street
> Lawrence, KS 66046-4916

                                                             /s/
                                         Theresa Carroll Buchanan
                                         United States Magistrate Judge
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

October 19, 2015
Alexandria, Virginia